Per Curiam.
At the May term, 1842, of the Circuit Court of Copiah county, the plaintiffs in error moved to quash a forthcoming bond, on the ground that there was no original judgment; which motion was overruled. The record of the judgment consisted of an extract from the minutes of the Court, by which it appeared that the pleas had'been withdrawn, and “judgment by default final for eleven hundred and sixty-eight dollars and forty-four cents and this was the only judgment entered. This occurred at November term, 1839. An execution issued, returnable to May term, 1840, which was levied on personal property, and a forthcoming bond given, whicji was forfeited on the 6th of April, 1840. On the forfeited bond, another execution issued, returnable to November term, 1840.
From this statement of the case, it is perfectly apparent that the Court did right in refusing to quash the bond. There was an informal judgment on which it was founded. The application to quash came too late.' It should have been made at May term, 1840 ; but instead of doing that, the parties waited two years, and then move to quash. An application to quash a forthcoming bond must be made at the return term. Then the parties have a day in Court; but after that the bond becomes a judgment, which cannot be set aside by the Court on motion. Field v. Morse & Harrod, 1 Smedes & Marshall, 347. The judgment must be affirmed.